IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEANNIE L. COSBY, | : | |
| Plaintiff | : | |
| VS. | : | **NO. 5:09-CV-192 (CAR)** |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | **ORDER & RECOMMENDATION** |

Plaintiff **JEANNIE L. COSBY**, currently an inmate at the Federal Medical Center-Carswell ("FMC-Carswell") in Fort Worth, Texas, has filed this *pro se* lawsuit primarily relating to events that occurred while plaintiff was in *federal* custody and temporarily confined in the Irwin County Detention Center ("ICDC") in Ocilla, Georgia.[1] Plaintiff named the U.S. Marshal Service and the Federal Bureau of Prisons as defendants in her original complaint and has supplemented her complaint as directed by this Court in its June 12, 2009 order.[2]

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] Plaintiff was previously instructed to provide either a motion to proceed *in forma pauperis* or the $350.00 filing fee. Plaintiff has submitted an IFP motion, a review of which indicates plaintiff is unable to pre-pay the filing fee. Accordingly, plaintiff's motion to proceed IFP is hereby **GRANTED**. Notwithstanding that plaintiff is being allowed to proceed IFP, She must nevertheless pay the full amount of the $350.00 filing fee, as explained later in this Order and Recommendation.

[2] In her original complaint, plaintiff also appeared to allege claims arising out of the Burke County Detention Center. This Court instructed plaintiff in its June 12th order that she must file claims against defendants at the Burke County Detention Center in the Southern District of Georgia.

In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

## II.  BACKGROUND

Plaintiff Cosby alleges that she suffers from diabetes and that she was denied proper medical treatment for an infection in her right foot while confined at the ICDC. According to plaintiff, she was merely given an antibiotic creme which made her condition worse. Her right foot allegedly was "swollen, oozing puss, and [reeked of] an extremely foul odor." The lack of proper treatment continued for a month or longer. Plaintiff was apparently told repeatedly by officials that "they had to wait on U.S. Marshals to authorize any further treatment." She has attached to her supplemental complaint responses she received to grievances alleging she was denied x-rays and treatment at the ICDC. Such responses indicate that ICDC officials were awaiting approval from federal officials for plaintiff's x-rays and treatment.

Plaintiff alleges that doctors ultimately had to remove part of her right foot due to gangrene. She seeks money damages for "medical neglect, misdiagnoses, and not being treated in time - just willful indifference. They knowingly let my foot <u>rot</u> so I had to have it removed causing me pain and lots of suffering."

## III. DISCUSSION

In its previous order, the Court instructed plaintiff to supplement her complaint by providing the following information: (1) the specific type of action she wishes to file; (2) whether she has pursued her administrative remedies; and (3) the names of the proper defendants.  Plaintiff has explained in her supplemental complaint that she wishes to pursue claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA") and ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971).

With regard to the specific defendants plaintiff Cosby wishes to sue, she has named only the following individuals: (1) Warden E. Elaine Chapman; (2) Physical Therapist Bradley; and (3) Medical Director Dr. Reyes.  However, plaintiff's treatment at FMC-Carswell is unrelated to her treatment at the ICDC.  Moreover, the FMC-Carswell defendants reside, and are employed, in Fort Worth, Texas, which is in the Northern District of Texas.  28 U.S.C. § 124(a)(2).  Therefore, plaintiff's claims against these defendants may not be pursued in this Court because this Court lacks personal jurisdiction over them and venue is improper.  *See* 28 U.S.C. § 1391(b); ***Thomas v. Ashcroft***, 470 F.3d 491, 495-96 (2d Cir. 2006) (district court in New York lacked personal jurisdiction over DEA agents in California for *Bivens* claims arising from their conduct during arrest in Los Angeles).

Accordingly, IT IS RECOMMENDED that plaintiff's claims against defendants Chapman, Bradley, and Reyes be **DISMISSED** from this action.  She may submit a separate civil rights complaint for her claims against Chapman, Bradley, and Reyes in the United States District Court for the Northern District of Texas, Fort Worth Division, provided she is otherwise authorized under the law to proceed. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy of this order and recommendation.

Plaintiff Cosby has named no individual state or federal defendants situated in the Middle District of Georgia as being responsible for her injury under either 42 U.S.C. §1983 or *Bivens*. Thus, only her FTCA claim arising out of her treatment at the ICDC is the only action which is now before this court. Although plaintiff has failed to formally name the United States of America ("United States") as the defendant with respect to her FTCA claim, the Court nevertheless will **SUBSTITUTE** the United States for the U.S. Marshal Service and the Federal Bureau of Prisons as the proper defendant in this action. Finally, while it is not certain that plaintiff has exhausted her administrative remedies, she has alleged sufficient facts to withstand frivolity.

Accordingly, **IT IS ORDERED AND DIRECTED** that service be made as provided by law upon the **United States of America** in accordance with Rule 4 of the Federal Rules of Civil Procedure and that proper responses to plaintiff's complaint be filed as the law requires and permits. The Clerk is directed to mail a copy of this order to plaintiff and the business manager at FMC-Carswell.

SO ORDERED AND RECOMMENDED, this 29th day of JULY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE