IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEANNIE L. COSBY,<br><br>　　　　　　　　Plaintiff<br><br>　　VS.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant | NO. 5:09-CV-192 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

　　　　Plaintiff Jeannie L. Cosby was sentenced in the Western District of North Carolina to a one-hundred-sixty-eight (168) month imprisonment with a five (5) year Supervised Release Term for conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). She is currently incarcerated at the Federal Medical Center (FMC) Carswell, in Fort Worth, Texas. After sentencing, however, she was temporarily housed at the Irwin County Detention Center (ICDC) in Ocilla, Georgia, located in the Middle District of Georgia..

　　　　The United States Marshals Service had, at the time of plaintiff's incarceration in ICDC, an Intergovernmental Agreement (IGA) with Irwin County, Georgia to temporarily house federal detainees. In her complaint, plaintiff Cosby maintains that while she was being held at the ICDC, she was denied proper medical care for an infection in her right foot. Tab #1 and Tab #4. Ultimately, and as a result of this denial, part of her right foot was amputated due to gangrene. She seeks money damages for what she terms "medical neglect, misdiagnoses and not being treated in time."

　　　　Because plaintiff's claim arises pursuant to the Federal Tort Claims Act, the undersigned, by Order of July 29, 2009, substituted the United States of America as a defendant in place of the United States Marshals Service, the Bureau of Prisons and the other individually named defendants. Tab #7. Within the order, the undersigned identified the only remaining issue as the plaintiff's claims arising during her stay at ICDC.

　　　　In response to the plaintiff's claims, the defendant has filed the instant motion seeking dismissal. Tab #14. Plaintiff Cosby was ordered to respond to this motion (Tab #15) and has filed a response (Tab #18). The defendant's have filed a reply. Tab #19. The motion is now ripe for review.

## LEGAL STANDARDS

### A. MOTION TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION AND CONCLUSION

In its motion, the defendant contends that this case should be dismissed on the basis of immunity from suit. In support of this assertion, the defendant avers that, as an independent contractor, ICDC and its employees were responsible for the daily safekeeping and care of the plaintiff. As such, the defendant denies any and all responsibility for the conditions of the facility, actions of ICDC's personnel, and any injuries arising therefrom. Thus, the defendant concludes that the are immune from liability and that this action must be dismissed.

In response, the plaintiff claims, *inter alia*, that when it came to the provision of medical care, the personnel at ICDC were required to seek approval from the defendant prior to providing and/or incurring the expenses therefore. Thus, she argues, it is the defendant, not ICDC or its personnel, that is ultimately responsible for her injuries. In reply, and without specifically denying the plaintiff's assertion that separate approval was required in cases of extraordinary medical care and treatment for federal prisoners, the defendant essentially renewed the argument that, because it was not responsible for the day-to-day actions of the ICDC personnel, it is not legally responsible for any injuries arising therefrom.

In view of the issues outlined above, and after a careful review of the defendant's motion seeking dismissal, the plaintiff's response, the defendants' reply, and the other pertinent pleadings and exhibits of record, the undersigned is not convinced that the defendant's arguments in support of its assertion of immunity are sufficient to merit dismissal at this juncture of this proceeding. It appears that further factual development is necessary.

Accordingly, **IT IS RECOMMENDED** that the defendant's motion seeking dismissal be **DENIED** at this time. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of JUNE, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE