IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JEANNIE L. COSBY,             :
                                  :
     Plaintiff,           :
                                  :
     v.                  :
                                  :     No. 5:09-CV-192 (CAR)
UNITED STATES OF AMERICA,   :
                                  :
     Defendant.     :
_____  :

## ORDER ON PLAINTIFF'S MOTIONS

Before the Court are Plaintiff Jeannie L. Cosby's Motion to Amend Judgment [Doc. 65] and her "Supplemental Amendment" Letter to the Court construed as a Motion for Reconsideration. [Doc. 67].[1] After due consideration, Plaintiff's Motions [Docs. 65, 67] are hereby **DENIED**.

On June 8, 2009, Plaintiff filed suit against the United States under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that the United States Marshals' Services ("USMS") and the Bureau of Prisons ("BOP") provided negligent medical care while she was in their custody. After considering the

---

[1] The Government has not responded to Plaintiff's Motion for Reconsideration, however, such a response is unnecessary.

Government's Motion for Summary Judgment and the parties' additional briefing, the Court concluded that the discretionary function exception barred Plaintiff's claims. On May 14, 2012, the Court dismissed the instant action.  Plaintiff has subsequently filed the two instant Motions.

As an initial matter, Plaintiff appears to have filed the instant Motions herself, despite the fact that she is presently represented by counsel.  "A prisoner does not have a right to file pro se pleadings while represented by counsel.  Courts routinely declined to consider pro se pleadings when an inmate is represented by counsel." Hutchinson v. Fla., --- F.3d ---, 2012 WL 1345599, at *8 (11th Cir. Apr. 19, 2012) (citation and internal citation omitted).  The Court is thus not required to consider Plaintiff's *pro se* motions.   Notwithstanding, the Court has considered Plaintiff's Motions and concludes they are to nevertheless be denied.

Motion for Reconsideration

In her Motion for Reconsideration, Plaintiff argues that the discretionary function exception does not bar suit against the United States.  Having considered her Motion, it is clear no grounds exist for reconsideration in this case.  "Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed

2

to correct clear error or prevent manifest injustice. *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). Plaintiff's Motion fails to meet any of the standards discussed above and is without merit.

To the extent that Plaintiff asserts that she has been denied the right of trial by jury due to the Court's dismissal in its Order of May 14, 2012, this argument is without merit. The Seventh Amendment of the United States Constitution provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…." U.S. CONST. AMEND. VII. "A plaintiff's right to a trial by jury is not violated when a court dismisses a case based on a matter of law before trial." *Bethel v. Baldwin Cnty. Bd. of Educ.*, 371 F. App'x 57, 62 (11th Cir. 2010). Here, the Court concluded that the discretionary function exception barred her claims against the Government and dismissed her claims. Accordingly, Plaintiff's argument that she was denied her right to have her case tried by a jury is without merit. Plaintiff's Motion for Reconsideration [Doc. 67] is **DENIED**.

Motion to Amend Judgment

In her Motion to Amend Judgment, Plaintiff requests that this Court allow her to refile her claim against the United States under state law, rather than under the

FTCA.  Plaintiff asserts that, "Under Georgia State Law, the Government's claim of discretionary function exception would not have been granted."  [Doc. 165].

The doctrine of *res judicata*, or claim preclusion, bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citations omitted); see Wilson v. Cypress Co. v. Atl. Coast Line R. Co., 109 F.2d 623 (5th Cir. 1940) ("[A] judgment of dismissal which is intended to be and is, a disposition of the cause of action on its merits, is a final judgment.").[2]  This bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously.  Id. (citing Trustmark Ins. Co. v. ESLU. Inc., 299 F.3d 1265, 1271 (11th Cir. 2002)).  In determining whether the prior and present causes of action are the same, the court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same

---

[2] See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

factual predicate." <u>Davila</u>, 326 F.3d at 1187 (quoting <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1297 (11th Cir. 2001)).

Here, Plaintiff's alternate claim against the Government would be barred by *res judicata*. The Court is of competent jurisdiction to dismiss Plaintiff's claim, its judgment is final on the merits, and the parties are identical in both suits. Finally, the causes of action are based upon the same factual predicate. Accordingly, because the doctrine of *res judicata* bars Plaintiff's claim under state law,[3] her request to refile her action and subsequently amend the Court's judgment [Doc. 65] is **DENIED**.

Based on the foregoing, Plaintiff's Motion for Reconsideration [Doc. 67] and Motion to Amend Judgment [Doc. 65] are **DENIED**.

**SO ORDERED,** this 2nd day of July, 2012.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[3] The Court notes that this doctrine bars any other similar claims against the Government that arise out of the same nucleus of operative facts, including Plaintiff's general reference to deliberate indifference in her Motion for Reconsideration.