IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEANNIE L. COSBY, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | No. 5:09-CV-192 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

ORDER ON MOTION
FOR LEAVE TO APPEAL IN FORMA PAUPERIS

Before the Court is Plaintiff Jeannie L. Cosby's Notice of Appeal [Doc. 70] and

her Motion for Leave to Appeal *in forma pauperis* ("IFP") and Appoint Counsel [Doc. 72].

Based on Appellant's financial information submitted in support of her Motion, the

Court is persuaded that Plaintiff is unable to pay the costs and fees associated with this

appeal.  However, the Court denies Appellant's request to be appointed counsel.  The

appointment of counsel in civil cases is not a constitutional guarantee.  Wahl v. McIver,

773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted).  Rather, "[i]t is a privilege that is

justified only by exceptional circumstances."  Id. (citation omitted).  After careful

consideration, the Court finds no exceptional circumstances exist warranting the

1

appointment of counsel on appeal.   Accordingly, Appellant's Motion for Leave to

Appeal IFP and Appoint Counsel is **GRANTED in part** and **DENIED in part** [Doc. 72].

This Court may authorize Appellant's request pursuant to 28 U.S.C. § 1915(a)(1),

but  "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing

that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3).

"Good faith means that an issue exists on appeal that is not frivolous when judged

under an objective standard."  Spears v. Frazier, 2012 WL 1044318, *3 (S.D. Ga. March

28, 2012) (citing Coppedge v. United States, 369 U.S. 439, 445 (1962) and Busch v. Cnty

of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999)).   A claim is frivolous if it is "without

arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

On June 8, 2009, Appellant filed suit against the United States under the Federal

Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that the United

States Marshals' Services ("USMS") and the Bureau of Prisons ("BOP") provided

negligent medical care while she was in their custody.   After considering the

Government's Motion for Summary Judgment and the parties' additional briefing, the

Court concluded that the discretionary function exception barred Appellant's claims.

On May 14, 2012, the Court dismissed the instant action for lack of subject matter

jurisdiction.  On July 2, 2012, this Court denied Appellant's motion for reconsideration

and her motion to amend judgment.  On July 12, 2012, Appellant filed her Notice of

Appeal,[1] and on August 13, she filed the instant Motion.

In her Notice, Appellant seeks to appeal this Court's decision to dismiss her

"**Eighth Amendment claim** for damages due to [the] negligence and deliberate

indifference" of the USMS and BOP.  [Doc. 72] (emphasis in original).  Reading

Appellant's *pro se* filing liberally, the Court construes her emphasized Eighth

Amendment claim to refer to the litigated FTCA claim dismissed on summary

judgment.  The Court certifies in writing that the issue of the applicability of the

function exception to the FTCA is not frivolous, and that Appellant's appeal with

respect to this issue is taken in good faith.

However, to the extent that Appellant now seeks to raise a deliberate

indifference claim pursuant to the Eighth Amendment for the first time on appeal, this

issue is frivolous and not taken in good faith.  Appellant cannot attempt to raise new

issues on appeal that were never presented to the Court.  See e.g., Thomas v. Crosby,

371 F.3d 782, 800 (11th Cir. 2004) (an appellant's "failure to press the argument before

the district court foreclosed its right to present it on appeal") (citation omitted); Walker

---

[1] Appellant filed her Notice of Appeal with the Eleventh Circuit Court of Appeals on July 12, 2012.  Appellant's Notice was subsequently forwarded to this Court for review. In accordance with Federal Rule of Appellate Procedure 4(a)(1), Appellant's Notice is filed as of the date received by the Eleventh Circuit.

v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (noting that Eleventh Circuit has "repeatedly held that an issue raised in the district court and raised for the first time in an appeal will not be considered"); McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1495 (11th Cir. 1990) ("A general principle of appellate review is that an appellate court will not consider issues not presented to the trial court.  Judicial economy is served and prejudice avoided by binding the parties to the theories argued below.") (quotation marks and citation omitted).  Accordingly, the Court concludes that her appeal of the Eighth Amendment issue is frivolous and not taken in good faith.

In sum, Appellant's Motion for Leave to Appeal IFP [Doc. 72] is **GRANTED in part** and **DENIED in part**.  Appellant's Motion is **GRANTED** with respect to the Court's conclusion that she is unable to pay the costs and fees associated with this appeal.  However, Appellant's Motion is **DENIED** with respect to her request for appointed counsel.  Additionally, the Court hereby certifies that Appellant's appeal with respect to the applicability of the discretionary function exception to the FTCA is not frivolous and is taken in good faith.  However, whether the conduct of the BOP and USMS was deliberately indifferent to Appellant's serious medical need, in violation of the Eighth Amendment, is frivolous and is not taken in good faith.

**SO ORDERED,** this 7th day of September, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH